

250 Vesey Street
27th Floor
New York, NY 10281


T: 212-335-2030
F: 212-335-2040

February 16, 2024

**Via ECF**
James L. Cott
Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *United States v. Dustin Genco* **(1:23-cr-00391-JLC)**

Dear Judge Cott,

We make this supplemental submission on behalf of Dustin Genco, in response to the Government's pre-sentencing submission on February 12, 2024. We respectfully ask the Court to disregard the four substantiated CCRB complaints cited in the Government's submission entirely, including for the reasons set forth in the attached letter from NYPD Lieutenant Commander Jonathan Amass (ret.). We also respectfully request that the Court disregard the civil rights cases cited by the government, which involve conduct wholly distinguishable from this case. In fact, the Government must strain to make any analogy because no reported cases have been brought against any officer for conduct fairly comparable to this one. In this way, the very prosecution against Dustin itself represents a departure.

**1. CCRB Complaints.** The Court should disregard the four substantiated CCRB incidents. The Government's submission misapprehends their import. As explained by NYPD Lieutenant Jonathan Amass (retired, and a retained expert), Dustin's history with CCRB allegations—given his long service as a street-level officer—is remarkable and shows the superior nature of his service. Indeed, only one allegation was proven, and that was a seventeen-year-old incident, off-duty, which involved no allegation of force. The three other complaints resulted in complete acquittals. In sum, the fact that Dustin had **no proven complaints for on-duty work** in a prolific career with more than 1,500 arrests and other street-level interdiction work is extraordinary, making him one of the officers with *the best CCRB metrics* Lieutenant Amass has ever seen. This speaks volumes.

If the Government actually believed any of the CCRB allegations—old as they were— involved illegal use of force similar to this case, it surely would be offering more than unproven CCRB reports. The fact that the government failed to share the CCRB reports with the Probation Department may reflect their lack of consequence.

**2. Sentencing Disparities.** The civil rights cases cited by the Government involve conduct bearing no fair resemblance to the offense conduct here. A short survey readily shows this. In *U.S. v. Akparanta*, No. 19 Cr. 363 (LGS), Dkt. No. 45 (S.D.N.Y. March 12, 2020), the defendant engaged in repeated sexual acts with at least seven victims over a period of six years. In *U.S. v. Calypso*, No. 17 Cr. 224 (VEC), Dkt 64 (November 27, 2017), the underlying offense was a deliberate scheme to punish an inmate in a hidden shower stall by punching him in his face

multiple times, put him in a headlock, and struck him with numerous uppercut blows.  In *U.S. v. Santiago*, No. 16 Cr. 626 (KMK), Dkt. 136 (S.D.N.Y. July 16, 2018), the defendant kicked an inmate in the eye and punched him repeatedly for two to four minutes entirely due to the victim's verbal provocation, and then falsified injuries on an accomplice officer as cover-up of the crime. In *U.S. v. Coll*, No. 15 Cr. 360 (LAP), Dkt.124 (S.D.N.Y. September 11, 2017), the defendant viciously kicked an inmate to death and engaged in wide-ranging cover-up including by convincing other officers to falsify forms and lie on his behalf.  In *U.S. v. Pendergrass*, No. 14 Cr. 329 (RA), Dkt. 99 (S.D.N.Y. May 18, 2015), the defendant refused to get medical attention the inmate desperately needed and prevented other officers from getting help for the inmate, causing him to suffer for hours and die in his cell alone.  Any fair reading of the Government's submission reveals the rhetorical hyperbole of citing these cases as relevant to Dustin's sentencing.

We know this experienced Court will not miss the forest for the trees: the very prosecution against Dustin in these circumstances is a disparity.  Even our submission cited *dissimilar* cases, involving *more serious* conduct.  Why?  Because no truly similar cases exist.  We are not aware of a single officer ever prosecuted for conduct similar to this case, nor has the Government cited such an example.  This prosecution itself represents a departure.  We assume that was the point of the charging decision.

But the Government now seeks to take it too far.  In its misplaced zeal, and lacking any fair-mindedness about the offense specifically or about Dustin's career of service generally, the Government attempts to make Dustin accountable—in the guise of "general deterrence"—for the nationwide scourge of lethal use of force, a widespread problem with many underlying causes. Dustin's case is, at best, a brittle basket to carry that load.  He is being sentenced for a blameworthy and regrettable moment within the context of a fraught arrest by a determined adversary who, in fact, assaulted both arresting officers.  Dustin's misdeed must be placed in the context of his long and distinguished career of public service.  General deterrence is amply served without a sentence of incarceration.

Sincerely,

*/s/ Jim Walden*
───────────────────────
Jim Walden
Ivy Xiaotian Yao
jwalden@wmhlaw.com
iyao@wmhlaw.com
250 Vesey Street, 27th Floor
New York, New York 10281
(212) 335-2030

*Attorneys for Dustin Genco*



Dear Judge Cott,

      My name is Jonathan Amass.[1] Having served with the NYPD for 24 years, 18 of which as a supervisor and the last 5 as a Lieutenant Commander, I routinely reviewed Civilian Complaint Review Board's (CCRB) records of officers under my command to identify problematic behaviors indicated by their allegation history. One factor I used to place CCRB history into context is how often the officer encountered the public. If an officer was primarily involved in street-level interdiction (including answering radio runs, conducting car stops, and routinely effecting street-level arrests), as was the case for Officer Genco, his or her CCRB history would carry a much less negative connotation than, for example, an agent who conducted long-term investigations through wiretaps, who would have had much less contact with the public.

      The CCRB's mission includes acting as a conduit for civilians to report alleged misconduct by members of the NYPD.[2] The CCRB can only "recommend" discipline for substantiated allegations. "Substantiation" is a very low threshold of proof. In circumstances where the CCRB has only the complainant's account against the officer's, the CCRB often finds a complaint to be "substantiated." An officer who contests the CCRB finding has a right to an administrative trial, which might result in a conviction (either by plea bargain or verdict) or acquittal.

      Dustin Genco served with the NYPD from 1994 through 2021 and effected over 1,500 arrests in those 27 years. Using only the arrestees he encountered, we determine that just .08% of people he encountered in arrest situations filed complaints. This already small percentage becomes miniscule when you factor in thousands of undocumented encounters Genco had with the public at parades, on patrol, on traffic stops, and performing investigative witness canvasses and interviews. The four "substantiated" complaints revealed no troubling patterns: none were filed within 18 months of each other, and he did not receive a single complaint in the final eight years of his career. Of the four cases the CCRB "substantiated," three resulted in complete acquittals. Only one (from December 2007) resulted in a finding of guilty and that was for a quarrel arising out of a traffic accident when Dustin was off duty. That was 17 years ago. NYPD issued a written reprimand. In sum, for 27 years of active service and 1,500 arrests, Dustin Genco was disciplined just one time. For someone involved in street-level interdiction, this is an extraordinarily low number, and among the lowest I have ever seen for an agent as active as Officer Genco.

      If Dustin Genco was assigned under my command, I would have taken the totality of these factors into account when assessing his CCRB history and quickly determined Dustin Genco was a superior street-level officer (in regard to his interactions with the public), and certainly not a problematic one. In fact, his number of encounters with the public juxtaposed with the infrequency of complaints proves Dustin Genco's career to be a quite remarkable one.

      Respectfully submitted,

      Jonathan Amass

---

[1] I have been retained by Walden Macht & Haran LLP to provide an expert opinion in this case. Although the law firm is handling this matter on a *pro bono* basis, I am being compensated at a rate of $350 per hour for my work.

[2] There is no penalty for filing a false CCRB complaint, which has been a persistent problem from NYPD's perspective.